## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:23-cv-00097-MR

| | |
|---|---|
| **BLUE SKY ENDEAVORS, LLC,**<br><br>       **Plaintiff,**<br><br>**vs.**<br><br>**HENDERSON COUNTY HOSPITAL CORPORATION AND BLUE RIDGE COMMUNITY HEALTH SERVICES, INC.,**<br><br>       **Defendants.** | **PROTECTIVE ORDER** |

**THIS MATTER** is before the Court on the parties' Consent Motion for Protective Order and Rule 502(d) Order. [Doc. 20].

For the reasons stated in the Motion, and for cause shown, the Court hereby enters the following Protective Order.

**IT IS, THEREFORE, ORDERED** that the following restrictions and procedures shall apply to certain deposition testimony, information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.      Counsel for any party may designate any document or information contained in a document as "confidential" or "confidential

attorney eyes only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." Information and documents designated by a party as confidential attorney eyes only will be labeled "CONFIDENTIAL ATTORNEY EYES ONLY." Confidential and confidential attorney eyes only information or documents may be referred to collectively as "Confidential Information."

    a.    "Confidential Information" means and includes the following:

        i.    information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party; or

        ii.    information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all

2

personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information; or

iii. medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding a party or any other individual about whom such information is discovered; or

iv. federal or state income tax returns or other financial information of any party.

b. Discovery Material designated "Confidential" may contain non- public proprietary information, whether

personal or business- related; information protected from disclosure by contractual obligations with third parties; or information protected from disclosure by law.

c. Discovery Material may alternatively be designated as "Confidential Attorneys Eyes Only." The "Confidential Attorneys Eyes Only" designation may be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause substantial harm to the competitive position or personal interests of the party making the confidentiality designations of Discovery Material.

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action or any appeal taken from a judgment entered in the case and not for any other purposes. Confidential Information shall not be disclosed in conversations, presentations by

persons or receiving parties, in court, or in other settings that might reveal the Confidential Information, except in accordance with the terms of this Order.

3.     In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

4.     Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.     The requesting party and counsel;

b.     Employees or contractors of such counsel assigned to and necessary to assist in the litigation or otherwise provide professional services related to this litigation;

c.     Consultants or experts and their respective staffs to the extent deemed necessary by counsel;

d.    Any persons requested by counsel to furnish case-related services such as eDiscovery services, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

e.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

f.    The Court and its personnel, or the jury at trial or as exhibits to motions; and

g.    Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

5.    Information designated "CONFIDENTIAL ATTORNEY EYES ONLY" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

a.     Outside counsel for the receiving party:

b.     Supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

c.     Consultants or experts and their respective staffs to the extent deemed necessary by counsel;

d.     Any persons requested by counsel to furnish case-related services such as eDiscovery services, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

e.     Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

f. The Court and its personnel, or the jury at trial or as exhibits to motions.

6. Prior to disclosing or displaying any Confidential Information to any person (other than to an author or prior recipient of a document, the Court, and the jury), counsel shall:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and

c. Obtain from the person, other than the author or prior recipient of a document, to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as <u>Exhibit A</u>.

7. If any party inadvertently fails to designate any material as Confidential Information before its production, it may correct its error at any time utilizing the following procedures. Upon learning that Confidential Information was produced without the appropriate

designation, the producing party will immediately provide notice of the omission to the receiving party and provide substituted copies of the Confidential Information appropriately marked. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to the designating party or to otherwise destroy the unmarked materials within ten (10) business days of any written notice of an omitted designation and receipt of substituted copies of the Confidential Information that have been marked appropriately. If the receiving party has made any use or disclosure of information, documents, or materials before the producing party designates such material as Confidential Information, then such prior use or prior disclosure shall not be deemed a violation of this Order.

8.     For the purpose of Paragraphs 4 and 5, it is understood by the parties that any documents which become part of an official judicial proceeding, or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

9. Any party seeking to file any materials designated as Confidential Information or to file any pleadings, motions or other papers disclosing any Confidential Information shall first move the Court for a Motion to Seal or Otherwise Restrict Public access in accordance with the Court's local rules, including without limitation LCvR 6.1.

10. Any party issuing a subpoena, request, or other directive to a non-party seeking the production of information shall simultaneously provide the non-party with a copy of this Order to ensure that the non-party is aware of its rights to seek protection of the information pursuant to the terms herein. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" by following the procedures set forth herein. Information so designated and produced by non-parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order.

11. Testimony given at a deposition may be temporarily designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" by indicating on the record at the deposition or hearing, based on a good-faith belief that the designation complies with the provisions of this Protective Order, that the information is "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" and is subject to the provisions of this Order. Within the 30-day period following receipt of the deposition transcript, the designating party shall notify the deposing party in writing of the specific transcript pages that should be marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

12. Ultimate disposition of protected materials is subject to final order of the Court upon completion of this litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than sixty (60) days after the termination of this litigation (including related appeals), either (i) collect from any experts, consultants or third party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information,

including without limitation, any copies or excerpts of such documents, and return them to the producing party or destroy all such materials, or (ii) verify that such experts, consultants or third party witnesses have destroyed all such documents. Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing information subject to this Order obtained during the course of this litigation, pursuant to the North Carolina Rules of Professional Conduct; provided, however, the prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel. This provision does not require a party or its attorney to delete or otherwise alter a regularly maintained back-up system for its electronic information.

13.     Nothing in this Order shall limit, expand, restrict, or prejudice (a) the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; (b) the right of any party to object to the production of documents; or (c) the right of any party to apply to the Court for an order compelling production of documents or information; or (d) the right of any party to apply to the Court for modification of this Order; or (e) any party's use or disclosure of documents or information properly obtained by means other than

another party's production pursuant to this Order; or (f) the producing party's use or disclosure of information, documents, or materials that it designated as Confidential Information pursuant to the terms of this Order.

**IT IS SO ORDERED.**

Signed: December 19, 2023

Martin Reidinger
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:23-cv-00097-MR

| | |
|---|---|
| **BLUE SKY ENDEAVORS, LLC,** | |
| **Plaintiff,** | |
| **vs.** | |
| **HENDERSON COUNTY HOSPITAL CORPORATION AND BLUE RIDGE COMMUNITY HEALTH SERVICES, INC.,** | |
| **Defendants.** | |

<u>EXHIBIT A</u>

**<u>CONFIDENTIALITY AGREEMENT</u>**

I have read and am familiar with the terms of the Protective Order governing the disclosure of Confidential Information in the case of <u>Blue Sky Endeavors, LLC v. Henderson County Hospital Corporation and Blue Ridge Community Health Services Inc.</u>, Civil Case No. 1:21-cv-97-MR (WDNC) (the "Order"), and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any

i

information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to destroy or return to counsel of record, not later than thirty (30) days after the termination of this litigation, any and all documents in my possession containing Confidential Information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

In accordance with 28 U.S.C § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name:

_____

Signature:

_____

Date:

_____