IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH
CAROLINA ASHEVILLE DIVISION: NO. 1:23-CV-97

| | |
|---|---|
| BLUE SKY ENDEAVORS, LLC<br>and LAMOND FAMILY MEDICINE, P.L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>HENDERSON COUNTY HOSPITAL<br>CORPORATION AND BLUE RIDGE<br>COMMUNITY HEALTH SERVICES,<br>INC.,<br><br>Defendants. | **AMENDED COMPLAINT** |

NOW COMES the Plaintiffs, Blue Sky Endeavors, LLC and LaMond Family, P.L.L.C., by and through counsel of record, Patrick Twisdale and Nicholas White, of King Law Offices, PC, alleging and saying to the Defendants as follows:

## PARTIES, CAPACITY, JURISDICTION, AND VENUE

1. Plaintiff Blue Sky Endeavors, LLC (hereinafter "Blue Sky") is a limited liability company formed in North Carolina with a principal place of business in Henderson County, North Carolina.

2. Plaintiff LaMond Family Medicine, P.L.L.C. (hereinafter "Family Medicine") is a professional limited liability company formed in North Carolina with a principal place of business in Henderson County, North Carolina.

3. Defendant Henderson County Hospital Corporation (hereinafter "Pardee Hospital") is a non profit corporation incorporated in the State of North Carolina with a principal office in Henderson County, North Carolina.

4. Defendant Blue Ridge Community Health Services, Inc. (hereinafter "Blue Ridge") is a non profit corporation incorporated in the State of North Carolina with a principal office in Henderson County, North Carolina.

5. Neither Defendant is an incompetent, a minor, nor a member of the armed services.

6. Upon information and belief, the events discussed below have all occurred in the State of North Carolina.

7. The Court has jurisdiction over the parties and subject matter.

## FACTUAL BASIS FOR CLAIMS

### A. Blue Sky MD®

8. Plaintiffs alleges and incorporates by reference the allegations contained in the above paragraphs of its Complaint as if fully set forth herein.

9. Blue Sky is the owner of the mark Blue Sky MD® (hereinafter the "Registered Trademark"), with the United States Patent and Trademark Office. The registration number of the Registered Trademark is 4126220 and it is in connection to medical services. Said medical services involve: "Medical clinic providing weight loss solutions, services and programs, nutrition counseling, hormone therapy, including, bioidentical hormone replacement, anti aging therapy, and natural hormone therapy, medical aesthetic procedures, including, laserhair removal, laser peels, botulinum toxin treatments, microdermabrasion, liposuction, vein treatments, vein therapy, cellulite treatments, body contouring treatments, injectable filler treatments, facials, and skin care." See attached **Exhibit 1**.

10. Blue Sky has used the Registered Trademark for over a decade and this mark has become widely known throughout the region and represents substantial, valuable goodwill.

11. Blue Sky has one licensee, LaMond Family Medicine, PLLC, which provides medical services for Henderson County, North Carolina, Buncombe County, North Carolina, and the surrounding regions.

12. Blue Sky meticulously regulates who may use the Registered Trademark because the Registered Trademark has goodwill and positive associations to it.

13. Set forth below is the website for blueskymd.com which has proudly utilized the Registered Trademark for over a decade in this or a similar manner:



FIG. 1: Picture of blueskymd.com utilizing the Registered Trademark

14. Set forth below is the use of the Registered Trademark that is appears all over the facility used by Blue Sky and LaMond Family Medicine, PLLC:



FIG. 2: Advertisement at the front service desk at the facility of Blue Sky and LaMond Family Medicine, PLLC.



FIG. 3: A Sale Advertisement at the front service desk at the facility of Blue Sky and LaMond Family Medicine, PLLC.



FIG. 4: Promotional Advertisement used online containing Registered Trademark.

15. Set forth below is the use of the Registered Trademark that appears incorporated in the facilities used by Blue Sky and LaMond Family Medicine, PLLC:



**FIG. 5: Front Entrance of Blue Sky and LaMond Family Medicine, PLLC facility in Hendersonville, North Carolina**



**FIG. 6: Waiting Area of Blue Sky and LaMond Family Medicine, PLLC facility in Asheville, North Carolina**

16. As a result of Blue Sky's continuous use of the Registered Trademark in connection with its services and its single license it has provided Family Medicine, the Registered Trademark enjoys wide public acceptance and association with Blue Sky, and has come to be recognized widely and favorably by the public as an indicator of the origin of Blue Sky's services.

17. As a result of Blue Sky's extensive use and promotion of the Registered Trademark, Blue Sky has built up and now owns extremely valuable goodwill that is symbolized by the

mark. The public has come to associate the Registered Trademark with Blue Sky and Family Medicine.

**B. Blue Ridge and Pardee Hospital's Unlawful Activities.**

18. At least since 2021, Pardee Hospital entered into discussions that included a third party advertiser specialist, who had previously assisted the Plaintiffs in their advertising efforts in association with the Registered Trademark, concerning the naming of its upcoming Federally Qualified Health Center ("FQHC").

19. During said discussions, members of Pardee Hospital's staff advised against the use of naming the FQHC with BlueMD in the name as a trademark search had shown the Registered Trademark and the staff even acknowledged that the Registered Trademark was being used in the same county. However, regardless of the concerns of its staff and third party advertiser specialist, Pardee Hospital's leadership ignored these concerns and began its activities to use the name of "BlueMD".

20. On or before August 30, 2022, Blue Sky discovered that Pardee Hospital and Blue Ridge planned a collaboration in performing medical services in the Henderson County and neighboring regions. The collaboration was to be named "Pardee BlueMD" and this collaboration was placed onto the website of Pardee Hospital prior to September 1, 2022. The article placed on Pardee Hospital's website is attached as **Exhibit 2**.

21. The mark "Pardee BlueMD" is substantially similar to the Registered Trademark. Both marks include the word "Blue" and "MD" associated in it, which is over two thirds of the words in the Registered Trademark.

22. Due to the substantially similar marks, the average patient would believe that Blue Sky is associated with "Pardee BlueMD".

23. Pardee Hospital and Blue Ridge have begun to register the mark with search engines such as google, such as shown below:



**FIG. 7: Use of the mark "Pardee BlueMD" on google, describing services as "Medical group."**

24. The Board of Directors, Chief Executive Officers, and other affluent individuals in Blue Ridge and Pardee Hospital know of Blue Sky and its Registered Trademark, being competitors in the same service market for nearly two decades.

25. The "Pardee BlueMD" mark is substantially similar to the Registered Trademark.

26. On August 30, 2022, Blue Sky reached out to Pardee Hospital's Chief Executive Officer regarding the use of this mark and how substantially similar to the Registered Trademark the "Pardee BlueMD" mark was.

27. Although there was already evidence of the substantial confusion in the market, on September 29, 2022, Pardee Hospital's Chief Executive Officer responded that they "will not be changing" the "Pardee BlueMD" mark.

28. Pardee Hospital's Chief Executive Officer made this decision for the company, knowing that there would be substantial confusion and it would negatively affect Blue Sky's

business by confusing prospective and current patients of Blue Sky and bringing their business to Pardee Hospital's and Blue Ridge's collaborative project that they associated the "Pardee BlueMD" mark.

29. Since September 29, 2022, Blue Sky's mark has been confused by internet search engines and patients alike.

30. LaMond Family Medicine, PLLC's patient intake team, on numerous occasions, have heard clients express their continued confusion with the "Pardee BlueMD" mark and their belief that Blue Sky is affiliated with the "Pardee BlueMD" mark. LaMond Family Medicine, PLLC's patient intake team have attested to this issue and their attestations are attached as **Exhibit 3**.

31. Other employees of LaMond Family Medicine, PLLC have heard from current patients of their confusion and have attested to this issue. Their attestations are attached as **Exhibits 4 and 5**.

32. That the "Pardee BlueMD" mark has caused issues with advertising for Blue Sky and LaMond Family Medicine, PLLC.

33. Upon information and belief, Pardee Hospital and Blue Ridge have had difficulty operating under the "Pardee BlueMD" mark due to the confusion between he patient population as to the association with the Registered Trademark and their marketing group.

34. Many patients have expressed their continued confusion and some have attested to their confusion. These attestations are attached as **Exhibits 6 and 7**.

35. This confusion has resulted in a detriment to Blue Sky's reputation as well as Blue Sky's use of its intellectual property.

36. Blue Sky's attorney on multiple occasions from September 29, 2022 to December 15th, 2022 attempted to reach out to Pardee Hospital's in house counsel to settle this matter and although there was one in person conversation with Pardee Hospital's in-house counsel where the in-house counsel requested Blue Sky's attorney to follow up after that conversation to discuss the details in-depth, Pardee Hospital has not responded.

37. On December 15th, 2022, Plaintiffs' attorney mailed a letter to Pardee Hospital, Pardee Hospital's CEO, Pardee Hospital's In-House Counsel, and Blue Ridge requesting them to cease-and-desist the use of the "Pardee BlueMD" mark as it is substantially similar to the Registered Mark.

38. Neither Defendant responded to the above-described letter by the deadline of January 20, 2023.

39. Plaintiffs' attorney attempted to reach out to Pardee Hospital's in-house counsel after the January 20, 2023 deadline, but he did not receive a response.

40. Neither Defendant has responded to the above-described letter since the filing of this complaint.

41. Plaintiffs have attempted to avoid litigation by providing the Defendants with multiple opportunities to settle this issue, but the Defendants have refused to respond to Plaintiffs' good faith attempts.

42. The Defendants' continued use of the "Pardee BlueMD" mark is a blatant disregard of Plaintiffs' rights.

43. As Blue Sky's and Family Medicine's direct competitor for providing medical services, Blue Ridge and Pardee Hospital have acted in a manner that purposefully deceives patients in Henderson County, North Carolina and surrounding regions to use the good will and respected reputation of Blue Sky by using a deceptively similar mark to steal Blue Sky's and Family Medicine's prospective and current patients who reasonably believe that the Blue Sky and Family Medicine is associated with the "Pardee BlueMD" mark.

44. Blue Sky and Family Medicine believes that Blue Ridge and Pardee Hospital plan to, without the permission of Blue Sky, and with the intention of adopting a confusingly similar name, intentionally copying registered trademarks and slogans, for purposes of diverting Blue Sky's business to Blue Ridge and Pardee Hospital.

45. This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), N.C. Gen. Stat. § 75-1.1, and common law of the State of North Carolina.

### FIRST CLAIM FOR RELEIF
### (Federal Trademark Infringement)
### (By Blue Sky against Defendants)

46. The above paragraphs are incorporated herein by reference as if fully set forth below.

47. Blue Ridge's and Pardee Hospital's use of a confusingly similar mark to the Registered Trademark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Blue Ridge's and Pardee Hospital's services are associated with or connected with Blue Sky, or have the sponsorship, endorsement, or approval of Blue Sky.

48. Blue Ridge's and Pardee Hospital's "Pardee BlueMD" mark is confusingly similar to Blue Sky's federally registered mark in violation of 15 U.S.C. § 1114. Blue Ridge's and Pardee Hospital's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Blue Sky's goodwill and reputation as symbolized by Blue Sky's Registered Trademark, for which Blue Sky has no adequate remedy at law.

49. At all relevant times, Blue Ridge and Pardee Hospital had actual and direct knowledge of Plaintiffs' prior use and ownership of the Registered Trademark. Blue Ridge's and Pardee Hospital's conduct is therefore willful and reflects Blue Ridge's and Pardee Hospital's intent to exploit the goodwill and strong brand recognition associated with the Registered Trademark.

50. Blue Ridge's and Pardee Hospital's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Registered Trademark to Blue Sky's great and irreparable harm.

51. Blue Ridge and Pardee Hospital caused and is likely to continue causing substantial injury to the public and to Blue Sky, and Blue Sky is entitled to injunctive relief and to recover Blue Ridge's and Pardee Hospital's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

52. Blue Ridge's and Pardee Hospital's acts have caused, and will continue to cause, irreparable injury to Blue Sky in an amount in excess of $25,000.00.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)
### (By Plaintiffs against Defendants)

53. The above paragraphs are incorporated herein by reference as if fully set forth below.

54. Blue Ridge's and Pardee Hospital's use of a confusingly similar mark of the Registered Trademark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Blue Ridge's and Pardee Hospital's services are affiliated, connected, or associated with Plaintiffs, or have the sponsorship, endorsement, or approval of Plaintiffs.

55. Blue Ridge's and Pardee Hospital's false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Blue Ridge's and Pardee Hospital's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiffs' goodwill and reputation as symbolized by the Registered Trademark, for which Plaintiffs have no adequate remedy at law.

56. Blue Ridge's and Pardee Hospital's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Registered Trademark to the great and irreparable injury of Plaintiffs.

57. Blue Ridge's and Pardee Hospital's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs. Plaintiffs are entitled to injunctive relief and to recover Blue Ridge's and Pardee Hospital's profits, actual

damages, enhanced profits and damage, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)
### (By Plaintiffs against Defendants)

58. The above paragraphs are incorporated herein by reference as if fully set forth below.

59. For over a decade, the Plaintiffs have used its mark "Blue SkyMD" in connection to medical services.

60. In so far that the Registered Trademark does not cover all the corresponding medical services that Blue Sky has utilized the mark "Blue SkyMD" to include, Plaintiffs have common law trademark protections over the geographical areas of Henderson County, NC, Buncombe County, NC, and the surrounding areas.

61. The general public, including prospective and current clients, associates "Blue SkyMD" mark with medical services not only protected by the filing of the Registered Trademark with the U.S. Patent and Trademark Office, but for other medical services as well such as general care and medical advice.

62. That those additional medical services are being provided by the Defendants through the use of the "Pardee BlueMD" mark.

63. That the Defendants' "Pardee BlueMD" mark is substantially similar and causes confusion in the geographic region of Henderson County, North Carolina, Buncombe County, North Carolina, and surrounding regions.

64. Pursuant to common law and N.C. Gen. Stat. § 75-1.1, the conduct of Blue Ridge and Pardee Hospital, as set forth in this Complaint, constitutes unfair methods of competition in or affecting commerce and unfair and deceptive practices in or affecting commerce, which has injured the business of Plaintiffs and has resulted, or will result, in losses to it.

65. Pursuant to common law and N.C. Gen. Stat. § 75-1.1, the conduct of Blue Ridge and Pardee Hospital, as set forth in this Complaint, constitutes unfair methods of competition in or affecting commerce and unfair and deceptive practices in or affecting commerce, which has injured the business of Plaintiffs and has resulted, or will result in losses to it.

66. Plaintiff Family Medicine has significantly lost business as the regular online traffic it has received has greatly diminished as a result of the unlawful use of Plaintiffs' intellectual property by the Defendants since the Defendants began publicly promoting the Registered Trademark.

67. Accordingly, pursuant to N.C. Gen. Stat. § 75-1.1 and 75-16, Plaintiffs are entitled to recover from Blue Ridge and Pardee Hospital such damages as it provides and to have those damages trebled. Plaintiffs are also entitled to its attorneys' fees pursuant to N.C. Gen. State. § 75-16.1.

### FOURTH CLAIM FOR RELIEF
### (Permanent Injunctive Relief)
### (By Plaintiffs against Defendants)

68. The above paragraphs are incorporated herein by reference as if fully set forth below.

69. Blue Ridge's and Pardee Hospital's misconduct is continuing.

70. If unrestrained, Plaintiffs will suffer irreparable harm for which there is no adequate legal remedy as a result of Defendants continued infringement on the Registered Trademark. Such harm is irreparable because it is impossible to: (a) determine the impact that will occur from Defendants' conduct and competition with Plaintiffs; or (b) measure the full extent of monetary damages that Plaintiffs will suffer.

71. That a remedy a law is not sufficient to off set the irreparable harm of the continuing infringement by the Defendants of the Registered Trademark and common-law trademark rights.

72. The facts of the matter as set forth in this Verified Complaint, in correspondence with the signed and verified affidavits supporting the allegations of the Verified Complaint, and in combination with North Carolina and Federal Law, show that the Plaintiffs are likely to prevail at trail on the merits of this action.

73. The Court should therefore enter an order to temporarily enjoin the Defendants using the Registered Trademark and substantially similar derivatives, pending the outcome of this action.

74. Unless restrained, Defendants will continue to operate, infringe, confuse consumers about the services and products in violation of 15 U.S.C. §§ 1114, 1116, and 1117 and N.C. Gen. Stat. § 75-1.1 et seq.

75. The Plaintiffs are therefore entitled to an Order from this Court directing the Defendants to be restrained from using the Registered Trademark and substantially similar marks to the Registered Trademark.

### DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all of the claims asserted in this action.

WHEREFORE, Plaintiffs respectfully request the Court for the following relief:

1. For judgment that Defendants, Blue Ridge Community Health Services, Inc. and Henderson County Hospital Corporation:

    a. Have violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

    b. Have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

    c. Have engaged in unfair and deceptive trade practices of the N.C. Gen. Stat. § 75-1.1 et seq.

2. That an injunction be issued enjoining and restraining Defendants, Blue Ridge Community Health Services, Inc. and Henderson County Hospital Corporation, each of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it from:

    a. Using the Registered Trademark or any other reproduction, counterfeit, copy or imitation of the Registered Trademark on or in connection with any goods or services;

    b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the Registered Trademark, including through the continued use or association with services;

    c. Using any simulation, copy, or colorable imitation of the Registered Trademark in connection with the promotion, advertisement, display, sale, offer for sale, or providing services in connection with services;

    d. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead to the public, or individual members thereof, to believe that any services performed or sold by Defendants are in any manner associated or connected with the Plaintiffs, or are services performed with licensed, sponsored, approved or authorized by Plaintiffs;

    e. Destroying, altering, removing, or otherwise dealing with the unauthorized services or any book or records which contain any information relating to the use of all services which infringe the Registered Trademark or common law trademark; and

    f. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 2(a) through 2(e) above.

3. That the Court find the Defendants liable to the Plaintiffs for excess of $25,000.00.

4. That the Court enter judgment against Defendants in the amount of $25,000.00 plus interest at the legal rate until paid in full after judgment, the costs of this action, and attorney fees.

5.  That the Plaintiffs recover the costs and expenses incurred in this action, including reasonable attorneys' fees.

6.  That the court accepts this verified complaint as an affidavit of the Plaintiffs from which to base any motions related to this case.

7.  That the findings of fact are to be heard and tried before a jury.

8.  That the Plaintiffs recovers any further relief that the Court deems just and proper.

This the 21st day of February, 2024.

KING LAW OFFICES, PC

Patrick Twisdale
NC Bar Number: 56413
1012 Old Spartanburg Rd.
Hendersonville, NC 28792
ptwisdale@kinglawoffices.com

Nicholas White
NC Bar Number: 53661
22 S Pack Square Suite 700,
Asheville, NC 28801
nwhite@kinglawoffices.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH
CAROLINA ASHEVILLE DIVISION: NO. 1:23-CV-97

BLUE SKY ENDEAVORS, LLC
and LAMOND FAMILY MEDICINE, P.L.L.C.,

    Plaintiffs,

v.

HENDERSON COUNTY HOSPITAL
CORPORATION AND BLUE RIDGE
COMMUNITY HEALTH SERVICES,
INC.,

    Defendants.

**VERIFICATION**

STATE OF NORTH CAROLINA
COUNTY OF Henderson

David LaMond, being first duly sworn, deposes and says that he is an authorized agent of the Plaintiffs in the above-captioned matter; that he has personal knowledge of the events described above; that he has read the foregoing complaint and knows the contents thereof and that the same are true to his own knowledge except as to those matters stated on information and belief, and as to those matters he believes them to be true.

_____
David LaMond
*Authorized Agent of the Plaintiffs*

SWORN TO AND SUBSCRIBED BEFORE ME

On February 22, 2024.

_____
Notary Public

My Commission Expires: 03/11/2025