THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00097-MR

| | |
|---|---|
| BLUE SKY ENDEAVORS, LLC, and LAMOND FAMILY MEDICINE, P.L.L.C., | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) **O R D E R** |
| HENDERSON COUNTY HOSPITAL CORPORATION and BLUE RIDGE COMMUNITY HEALTH SERVICES, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the parties' Motions to Seal [Docs. 35, 42, 46, 50].

I. **BACKGROUND**

On April 6, 2023, the Plaintiff Blue Sky Endeavors, LLC ("Blue Sky") initiated this action against the Defendants Henderson County Hospital Corporation ("Pardee Hospital") and Blue Ridge Community Health Services, Inc. ("Blue Ridge") (collectively, "the Defendants") by filing a complaint in the Superior Court of Henderson County, North Carolina, asserting, *inter alia*, claims for federal and common law trademark infringement of its Blue

SkyMD® mark by and through the Defendants' use of the mark "Pardee BlueMD." [Doc. 1-1: Complaint]. On November 6, 2023, the Court entered a Pretrial Order and Case Management Plan, setting a discovery deadline of July 15, 2024, and setting this matter for trial during the January 13, 2025 trial term. [Doc. 18].[1] On December 20, 2023, the Court entered a Protective Order to govern the exchange of confidential documents between the parties. [Doc. 22].

On February 28, 2024, with the consent of the Defendants, Blue Sky filed an Amended Complaint adding LaMond Family Medicine, P.L.L.C. ("LaMond Family Medicine") as a party plaintiff. [Doc. 26]. Blue Sky and LaMond will be referred to herein collectively as "the Plaintiffs."

On July 29, 2024, the Plaintiffs filed a Motion for a Preliminary Injunction. [Doc. 32]. The Plaintiffs also moved for leave to permanently seal Exhibits 16 through 24, which were filed in support of the Motion for Preliminary Injunction. [Doc. 35].

On August 19, 2024, the Plaintiffs filed a Motion to Compel certain discovery responses from the Defendants. [Doc. 41]. The Plaintiffs also

---

[1] The Court subsequently extended the discovery deadline to September 16, 2024. [See Docs. 25, 34].

moved for leave to permanently seal Exhibits 29 through 31, which were filed in support of that Motion to Compel. [Doc. 42].

On August 19, 2024, the Defendants filed a Motion to Seal their Response to the Plaintiffs' Motion to Compel, as well as Exhibits A, B, C, E, G, and M filed in support of such Response. [Doc. 46].

On August 22, 2024, the Plaintiffs filed a Motion to Seal Exhibit 37 to their Reply in support of their Motion for Preliminary Injunction. [Doc. 50].

Each of these motions to seal have been fully briefed and are ripe for disposition.

## II. STANDARD OF REVIEW

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. <u>Doe v. Public Citizen,</u> 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" <u>Id.</u> at 265-66 (quoting in part <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored

3

to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

### III. DISCUSSION

#### A. Plaintiffs' Motion to Seal [Doc. 35]

By their first Motion to Seal, the Plaintiffs seek leave to file under permanent seal the following exhibits submitted in support of their Motion for Preliminary Injunction:

(1) The deposition of Christina Jones, which was filed as Exhibit 16;

(2) The deposition of Alexander McMillan, which was filed as Exhibit 17;

(3) The deposition of Erica Allison, which was filed as Exhibit 18;

(4) The deposition of Holly Nanney, which was filed as Exhibit 19;

4

(5) Different versions of the Sub-Recipient Agreement between the Defendants, which were identified as Defendants' Exhibit BRCHS-0004-BRCHS-0038 and filed as Exhibit 20;

(6) An email chain between employees of Pardee Hospital and consultant Erica Allison, which was identified as Defendants' Exhibits Formation-001 – Formation-005 and filed as Exhibit 21;

(7) Text messages between David LaMond and an employee of the Defendants, which were filed as Exhibit 22;

(8) The expert report of Travis Wiley, which was filed as Exhibit 23; and

(9) A different version of the Sub-Recipient Agreement between the Defendants, which was identified as Exhibit HCHC-0490-HCHC-0530 and filed as Exhibit 24.

[Doc. 35].[2] The Defendants consent to the Plaintiffs' Motion. [Doc. 36].

As grounds for the Motion to Seal, the Plaintiffs state only that the identified exhibits contain "proprietary information" and that the public release of such information "may prejudice the Plaintiffs and Defendants." [Doc. 35 at 2]. The Defendants go a step further in their Response, noting that the referenced documents were obtained during discovery and

---

[2] These exhibits were provisionally filed under seal in order to facilitate the Court's review of the Motion to Seal. [Doc. 33].

designated as "Confidential Information" pursuant to the Protective Order. [Doc. 36 at 3]. Additionally, the Defendants specifically argue that the versions of the Defendants' Sub-Recipient Agreement filed as Exhibits 20 and 24 contain non-public confidential, proprietary, and financial information concerning the Defendants' business relationship, and that the email chain filed as Exhibit 21 contains non-public confidential and proprietary information concerning Pardee Hospital's deliberations in choosing the name "Pardee BlueMD" for its new Federally Qualified Health Center. [Id. at 3-4]. The Defendants contend that the public release of this information would reveal confidential business and financial information and would harm the Defendants' business interests. [Id. at 4].

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' Motion. The motion was filed on August 1, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, having reviewed the documents that the Plaintiffs propose to seal, the Court finds that Exhibits 20 and 24, which are various versions of the Defendants' Sub-Recipient Agreement, contain non-public confidential, proprietary, and financial information concerning the Defendants' business relationship, and that the public's right of access to such information is substantially

6

outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing such documents, the Court concludes that the sealing of Exhibits 20 and 24 is narrowly tailored to serve the interest of protecting this sensitive information.

As for the remaining exhibits that are identified, the parties have failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to these documents, under either the First Amendment or the common law. In their Response in support of the Plaintiffs' Motion, the Defendants contend that these materials were designated "Confidential Information" pursuant to the Protective Order entered in this action. [Doc. 36]. Neither the Plaintiffs nor the Defendants, however, offer any explanation as to why such material is properly designated as such. Moreover, the fact that counsel may have designated certain material as confidential during discovery does not necessarily require sealing when such material is filed in the record. See <u>Legal Newsline v. Garlock Sealing Techs. LLC</u>, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the

7

confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court."). As the Protective Order itself notes, "it is understood by the parties that any documents which become part of an official judicial proceeding, or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law." [Doc. 22 at 9 ¶ 8]. Thus, the parties' designation of certain material as "confidential" is not sufficient, standing alone, to justify sealing. Moreover, it is ultimately up to the Court, not the parties, to decide whether materials that are filed in the record of this case should be shielded from public scrutiny.

With respect to the other exhibits identified, the Plaintiffs' Motion to Seal fails to provide sufficient grounds upon which the Court can make such a decision for each of the 464 pages that are sought to be sealed. Moreover, the Plaintiffs fail to explain why less drastic alternatives to wholesale sealing, such as redactions, are not feasible.[3] For these reasons, the Plaintiffs'

---

[3] This is especially true with respect to Exhibits 16, 17, 18, and 19, which appear to be transcripts of entire depositions of certain witnesses. The Plaintiffs have made no effort to identify the location of any confidential information within these hundreds of pages of transcripts.

8

Motion to Seal is denied without prejudice with respect to Exhibits 16, 17, 18, 19, 21, and 23.

B. **Plaintiffs' Motion to Seal [Doc. 42]**

In their second Motion to Seal, the Plaintiffs seek leave to file under permanent seal the following exhibits submitted in support of their Motion to Compel:

(1) Email correspondence between third party Erica Allison and multiple individuals of Pardee Hospital, which was filed as Exhibit 29;

(2) A document shared in email format between Erica Allison and members of Pardee Hospital, which was filed as Exhibit 30; and

(3) A text message between Erica Allison and the Chief Executive Officer of Pardee Hospital addressing her concerns regarding the use of the allegedly infringing mark, which was filed as Exhibit 31.

[Doc. 42].[4]  As grounds for the Motion to Seal, the Plaintiffs state only that the identified exhibits were designated as "Confidential" pursuant to the Protective Order. [Doc. 42 at 1]. The Defendants consent to the Plaintiffs' Motion with respect to Exhibits 29 and 30, arguing that Exhibit 29 contains non-public and confidential information regarding the Defendants' internal

---

[4] These exhibits were provisionally filed under seal in order to facilitate the Court's review of the Motion to Seal. [See Doc. 58].

response to the Plaintiffs' complaints and that Exhibit 30 contains confidential information regarding the decision to use the name Pardee BlueMD and a new logo, as well as related information that was not released publicly. [Doc. 56 at 2-3]. With respect to Exhibit 31, the Defendants have elected to remove the confidentiality designation from that document and do not request that it be filed under seal. [Id. at 2 n.4].

The Motion is moot with respect to Exhibit 31, as the Defendants have now withdrawn that confidentiality designation. In any event, the only basis for sealing that the Plaintiffs provided was the Defendants' designation of that document as confidential, which by itself is not sufficient. With respect to Exhibits 29 and 30, the parties have failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to these documents, under either the First Amendment or the common law. Neither the Plaintiffs' Motion to Seal nor the Defendants' Response provides sufficient grounds upon which the Court can determine that these materials should be sealed. While these documents contain internal discussions regarding the use of the Defendants' mark, the parties have not identified anything in these documents that is confidential or proprietary or that would be harmful to the Defendants if made publicly available. Moreover, the parties fail to explain why less drastic alternatives to wholesale sealing, such

as redactions, are not feasible. For these reasons, the Plaintiffs' Motion to Seal is denied as moot with respect to Exhibit 31 and is denied without prejudice with respect to Exhibits 29 and 30.

### C. Defendants' Motion to Seal [Doc. 46]

By their Motion to Seal, the Defendants seek leave to file under permanent seal their Response to the Plaintiffs' Motion for Preliminary Injunction, as well as the following exhibits:

(1) The deposition of Dr. David LaMond, which was filed as Exhibit A;

(2) LaMond Family Medicine financial information, which was filed as Exhibit B;

(3) The deposition of Jake Hunter, the 30(b)(6) representative for LaMond Family Medicine, which was filed as Exhibit C;

(4) The Blue SkyMD trademark license, which was filed as Exhibit E;

(5) Information about LaMond Family Medicine's spending on advertising, which was filed as Exhibit G; and

(6) An email chain that contains confidential, but non-privileged communications between Dr. LaMond and Plaintiffs' counsel.

[Doc. 46]. The Defendants represent that their Response discusses the information contained in these exhibits. [Id. at 2]. The Defendants

11

provisionally filed under seal their Response [Doc. 47] and the exhibits thereto [Doc. 45]. They also have filed a redacted version of their Response on the public docket. [Doc. 44]. The Plaintiffs' consent to the Defendants' Motion. [Doc. 57].

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants filed their motion on August 19, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, upon review, the Court finds that the Defendants have demonstrated that their Response and Exhibits B, E, and G thereto contain proprietary and/or highly sensitive or technical business and financial information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these documents, the Court concludes that permitting the wholesale sealing of the Defendants' Response and Exhibits B, E, and G, along with the filing of a redacted version of the Defendants' Response on the public docket, is narrowly tailored to serve the interest of protecting this sensitive information.

With respect to the other exhibits identified, the Defendants' Motion to Seal fails to provide sufficient grounds upon which the Court can make such

a decision for each of the 126 pages that are sought to be sealed. Moreover, the Defendants fail to explain why less drastic alternatives to wholesale sealing, such as redactions, are not feasible.[5] For these reasons, the Defendants' Motion to Seal is denied without prejudice with respect to Exhibits A, C, and M.

### D. Plaintiffs' Motion to Seal [Doc. 50]

In their third motion to seal, the Plaintiffs also seek leave to file under permanent seal the deposition transcript of Jake Hunter, the 30(b)(6) representative of LaMond Family Medicine. [Doc. 50]. For grounds, the Plaintiffs state that this deposition contains "confidential business information" and the public disclosure of such information "would reveal confidential business information." [Id. at 1]. Curiously, although the Defendants moved to permanently seal the same deposition transcript [see Doc. 46], in response to the Plaintiffs' Motion, the Defendants state that they "take no position regarding the nature of the information set forth in the exhibit to be sealed, including whether information is of the type that supports permanently being sealed." [Doc. 59 at 1].

---

[5] This is especially true with respect to Exhibit C, which appears to be a condensed transcript of the deposition of Jake Hunter. The Defendants have made no effort to identify the location of any confidential information within this 73-page condensed transcript.

13

For the reasons stated with respect to the Defendants' Motion to Seal Mr. Hunter's deposition transcript, the Plaintiffs' Motion to Seal is denied without prejudice.

## IV.  CONCLUSION

By the present motions, the parties have sought the permanent sealing of nearly 1,200 pages of documents.  There is no doubt that there is some information contained within these documents that is proprietary, confidential, and so sensitive as to warrant protection from public disclosure.  By the same token, however, the parties have chosen to litigate their dispute in a public forum.  This Court is not a Star Chamber, and this matter will not be litigated in secret.  To that end, the filing of sealed documents must be closely scrutinized and every effort should be made by the parties to keep as much of this litigation accessible to the public.

With this in mind, the Court expects the parties to confer with each other in a meaningful fashion before filing any further motions to seal.  Any documents that are sought to be sealed must be filed along with the motion to seal so that the Court may evaluate its contents.  The motions to seal must contain (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) unless permanent sealing is sought,

14

a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing. See LCvR 6.1(c). If the materials contain both confidential and non-confidential information, the parties must specifically identify those portions of those materials that reference confidential information, and they should either offer redactions of those documents so that the public may access the non-confidential portion of those materials or explain why redactions are not feasible. Any future motions to seal that fail to comply with these basic requirements will be summarily denied.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiffs' Consent Motion to Seal or Otherwise Restrict Public Access [Doc. 35] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** with respect to Exhibits 20 and 24 [Docs. 33-5 and 33-9], and such documents are hereby **SEALED** until further Order of the Court. The Motion is **DENIED WITHOUT PREJUDICE** with respect to Exhibits 16, 17, 18, 19, 21, and 23 [Docs. 33-1, 33-2, 33-3, 33-4, 33-6, 33-7, 33-8].

(2) The Plaintiffs' Motion to Seal or Otherwise Restrict Public Access [Doc. 42] is **DENIED AS MOOT** with respect to Exhibit 31 [Doc.

15

58-3], and the Clerk is instructed to unseal this exhibit. The Motion is **DENIED WITHOUT PREJUDICE** with respect to Exhibits 29 and 30 [Docs. 58-1, 58-2].

(3) The Defendants' Motion to Seal [Doc. 46] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** with respect to the Defendants' Response [Doc. 47] and Exhibits B, E, and G [Docs. 45-1, 45-3, and 45-4], and such documents are hereby **SEALED** until further Order of the Court. The Motion is **DENIED WITHOUT PREJUDICE** with respect to Exhibits A, C, and M [Docs. 45, 45-2, 45-5].

(4) The Plaintiffs' Motion to Seal or Otherwise Restrict Public Access [Doc. 50] is **DENIED WITHOUT PREJUDICE** with respect to Exhibit 37 [Doc. 58-4].

(5) As to any documents for which sealing was denied without prejudice, such documents shall remain provisionally under seal for at least fourteen (14) days to allow the appropriate parties the opportunity to file a renewed motion to seal, if they so choose. If no such motion is filed within the fourteen (14) days, the Court will instruct the Clerk to unseal these documents.

**IT IS SO ORDERED.**

Signed: October 7, 2024

_Martin Reidinger_
Martin Reidinger
Chief United States District Judge