IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00097-MR

| | |
|---|---|
| BLUE SKY ENDEAVORS, LLC AND LAMOND FAMILY MEDICINE, P.L.L.C., | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )  **MEMORANDUM OF**<br>)  **DECISION AND ORDER**<br>) |
| HENDERSON COUNTY HOSPITAL CORPORATION AND BLUE RIDGE COMMUNITY HEALTH SERVICES, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Judgment on the Pleadings. [Doc. 31].

**I.  PROCEDURAL BACKGROUND**

On April 6, 2023, the Plaintiff Blue Sky Endeavors, LLC ("Blue Sky") filed a Complaint in Henderson County Superior Court. [Doc. 1-1 at 1]. In its Complaint, Blue Sky alleged that Henderson County Hospital Corporation ("Pardee Hospital") and Blue Ridge Community Health Services, Inc. ("Blue Ridge") (collectively, the "Defendants") infringed Blue Sky's trademark. [Id.

at 10]. Four days later, the Defendants removed the case to this Court. [Doc. 1 at 1]. On February 28, 2024, Blue Sky amended its Complaint, adding LaMond Family Medicine, P.L.L.C. ("LaMond Family Medicine") (collectively with Blue Sky, the "Plaintiffs") as a plaintiff. [Doc. 26 at 1]. In its Amended Complaint, the Plaintiffs assert three causes of action: (1) federal trademark infringement, under 15 U.S.C. § 1114; (2) federal unfair competition, under 15 U.S.C. § 1125(a); (3) and state unfair and deceptive trade practices, under N.C. Gen. Stat. § 75-1.1. [Doc. 26 at 9–11].

On March 12, 2024, the Defendants answered the Amended Complaint, asserted defenses to the Plaintiffs' claims, and asserted a counterclaim against the Plaintiffs. [Doc. 28]. In its counterclaim, the Defendants seek a declaratory judgment pursuant to the Declaratory Judgment Act and 15 U.S.C. § 1120, that the Plaintiffs committed fraud on the Trademark Office by fraudulently procuring and renewing its trademark. [Id. at 12]. On July 29, 2024, the Plaintiffs filed a Motion for a Preliminary Injunction. [Doc. 32]. Also on July 29, 2024, the Plaintiffs filed a Motion for Judgment on the Pleadings (the "Motion") seeking the dismissal of the Defendants' counterclaim. [Doc. 31]. On August 23, 2024, the Defendants filed their Response to the Plaintiffs' Motion. [Doc. 51]. On August 29, 2023,

the Plaintiffs' filed their Reply to the Plaintiffs' Response. [Doc. 53]. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pleadings, including counterclaims, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). When evaluating a motion under Rule 12(c), however, the Court considers the complaint the answer. See Jones v. Penn Nat. Ins. Co., 835 F.Supp.2d 89, 95 (W.D.N.C. 2011).

To survive a motion to dismiss under Rule 12(b)(6), and thus, under Rule 12(c), a counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept the counterclaimant's alleged facts as true and "draw all reasonable inferences in favor of the [counterclaimant]."

See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards, 178 F.3d at 244).

## III. FACTUAL BACKGROUND

Taking the Defendants' allegations made in support of their counterclaim as true, the following is a recitation of the relevant facts.

The original applicant of the BLUE SKY MD mark (Serial No. 85097780) was GHH Ventures, LLC, a Florida limited liability company ("GHH"). GHH's application was an "intent to use" application. [Doc. 28: Counterclaim at ¶ 9]. On or about November 17, 2010, GHH authorized the trademark examiner assigned to the BLUE SKY MD application to disclaim the word "MD" from its application. [Id. at ¶ 10]. On July 19, 2011, the Trademark Office issued a Notice of Allowance to GHH for the BLUE SKY MD Application. [Id. at ¶ 11]. The Trademark Office would not have issued the Notice of Allowance for the BLUE SKY MD application if GHH had not disclaimed the use of MD. [Id. at ¶ 12].

On or about November 27, 2011, GHH assigned its interest in the BLUE SKY MD application to Blue Sky MD, LLC, a Tennessee limited liability company. [Id. at ¶ 13]. On January 12, 2012, Blue Sky MD, LLC submitted a specimen to show its use of the BLUE SKY MD mark in commerce; a

registration certificate was issued for the BLUE SKY MD mark on April 10, 2012. [Id. at ¶ 14].

On or about January 28, 2013, Blue Sky MD, LLC assigned its interest in the BLUE SKY MD mark to the Plaintiff Blue Sky Endeavors, LLC ("Blue Sky"). [Id. at ¶ 16]. Plaintiff Blue Sky has entered into a non-exclusive licensing agreement with the Plaintiff LaMond Family Medicine enabling LaMond Family Medicine to use BLUE SKY MD in connection with certain services. [Id.].

Plaintiff Blue Sky submitted renewal filings with the Trademark Office on June 15, 2017, and April 19, 2021. When Plaintiff Blue Sky submitted its renewal filings, it was relying on the use of BLUE SKY MD by LaMond Family Medicine. Plaintiff Blue Sky did not notify the Trademark Office in either of these filings that it now claims trademark rights in the disclaimed term "MD." [Id. at 18]. To date, Plaintiff Blue Sky has not made any filings with the Trademark Office to amend its registration and remove the disclaimer for the term "MD." [Id. at ¶ 19].

The Defendants allege that they have been injured by the Plaintiffs' misrepresentations to the Trademark Mark regarding this disclosed term Specifically, the Defendants allege that they are injured "because they are having to defend against Plaintiffs' infringement action based on a

5

fraudulently renewed registration." [Id. at ¶ 31]. The Defendants seek a declaratory judgment that the Plaintiffs have fraudulently procured and renewed its BLUE SKY MD mark, and that the Court declare the Plaintiffs' trademark invalid. [Id. at ¶ 32].

## IV. DISCUSSION

Section 1120 of Title 15 provides that any person who procures a trademark by fraud "shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120. "To prevail under this statute, it is not enough for the plaintiff merely to establish fraud in the registration of the trademark; the plaintiff must also show that [it] sustained some damage in consequence of the fraud." Va. Polytechnic Inst. & State Univ. v. Hokie Real Est., Inc., 813 F.Supp.2d 745, 755 (W.D. Va. 2011) (quoting in part Gilbert/Robinson, Inc. v. Carrie Beverage–Missouri, Inc., 989 F.2d 985, 991 (8th Cir. 1993)).

Aligning with other jurisdictions, courts within this District have held that § 1120 does not "allow for attorney's fees as damages" and that a claim under § 1120 that claims attorney's fees as a basis for damages fails as a matter of law. High Voltage Beverages, LLC v. Coca-Cola Co., No. 3:08CV367, 2011 WL 831523, at *6 (W.D.N.C. Mar. 3, 2011) (Mullen, J.) (collecting cases that hold that litigation fees and costs are unrecoverable

6

damages under § 1120); see also United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1232 (10th Cir. 2000) ("[Section] 1120 does not allow for the award of attorney fees . . . ."); Hokie Real Est., 813 F.Supp.2d at 756 n.3 (quoting High Voltage and noting "that 'reading § 1120 to allow for attorney's fees would circumvent § 1117'").

Here, the Defendants claim that they have been injured "by Plaintiffs' misrepresentation because they are having to defend against Plaintiffs' infringement action based on a fraudulently renewed registration." [Doc. 28: Counterclaim at ¶ 31]. The Defendants do not allege any other harm in their counterclaim. Because § 1120 creates a cause of action for *damages* for the fraudulent procurement of a trademark registration, and the Defendants have alleged no damages, the Defendants have no claim arising under § 1120. Therefore, the counterclaim will be dismissed.

Apart from a § 1120 action for damages, however, the fraudulent procuring of a registration constitutes an affirmative defense to an infringement claim. As such, to the extent that the Defendants have asserted an affirmative defense based on these facts, such affirmative defense is not dismissed.

7

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Judgment on the Pleadings [Doc. 31] is hereby **GRANTED**. The Defendants' allegations of fraudulent procurement of the registration remain as a basis for an affirmative defense.

**IT IS SO ORDERED.**

Signed: 10/16/2024

Martin Reidinger
Chief United States District Judge