**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:23-cv-00097-MR**

**BLUE SKY ENDEAVORS, LLC, and LAMOND FAMILY MEDICINE, P.L.L.C.,**

**Plaintiffs,**

**vs.**

**HENDERSON COUNTY HOSPITAL CORPORATION and BLUE RIDGE COMMUNITY HEALTH SERVICES, INC.,**

**Defendants.**

**ORDER**

**THIS MATTER** is before the Court on the parties' Renewed Consent Motions to Seal [Docs. 66, 68].

## I. BACKGROUND

On April 6, 2023, the Plaintiff Blue Sky Endeavors, LLC ("Blue Sky") initiated this action against the Defendants Henderson County Hospital Corporation ("Pardee Hospital") and Blue Ridge Community Health Services, Inc. ("Blue Ridge") (collectively, "the Defendants") by filing a complaint in the Superior Court of Henderson County, North Carolina, asserting, *inter alia*, claims for federal and common law trademark infringement of its Blue

SkyMD® mark by and through the Defendants' use of the mark "Pardee BlueMD." [Doc. 1-1: Complaint]. On November 6, 2023, the Court entered a Pretrial Order and Case Management Plan, setting a discovery deadline of July 15, 2024, and setting this matter for trial during the January 13, 2025 trial term. [Doc. 18].[1] On December 20, 2023, the Court entered a Protective Order to govern the exchange of confidential documents between the parties. [Doc. 22].

On February 28, 2024, with the consent of the Defendants, Blue Sky filed an Amended Complaint adding LaMond Family Medicine, P.L.L.C. ("LaMond Family Medicine") as a party plaintiff. [Doc. 26]. Blue Sky and LaMond will be referred to herein collectively as "the Plaintiffs."

On July 29, 2024, the Plaintiffs filed a Motion for a Preliminary Injunction. [Doc. 32]. The Plaintiffs also moved for leave to permanently seal Exhibits 16 through 24, which were filed in support of the Motion for Preliminary Injunction. [Doc. 35].

On August 19, 2024, the Plaintiffs filed a Motion to Compel certain discovery responses from the Defendants. [Doc. 41]. The Plaintiffs also

[1] The Court subsequently extended the discovery deadline to September 16, 2024. [See Docs. 25, 34].

moved for leave to permanently seal Exhibits 29 through 31, which were filed in support of that Motion to Compel. [Doc. 42].

On August 19, 2024, the Defendants filed a Motion to Seal their Response to the Plaintiffs' Motion to Compel, as well as Exhibits A, B, C, E, G, and M filed in support of such Response. [Doc. 46].

On August 22, 2024, the Plaintiffs filed a Motion to Seal Exhibit 37 to their Reply in support of their Motion for Preliminary Injunction. [Doc. 50].

On October 16, 2024, the Court entered an Order addressing the parties' various sealing motions. [Doc. 63]. At least portions of those motions were denied without prejudice on the grounds that the parties had not made a sufficient showing warranting the permanent sealing of various exhibits. [Id. at 15-16]. The Court allowed the parties an opportunity to file renewed motions to seal and advised that if no such motions were forthcoming, the subject exhibits would be unsealed. [Id.].

The parties now renew their motions to seal, but only as to some of the exhibits previously addressed. [Docs. 66, 68].

## II. STANDARD OF REVIEW

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246,

265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

## III. DISCUSSION

### A. Defendants' Renewed Motion to Seal [Doc. 66]

By their Renewed Motion to Seal, the Defendants seek leave to file under permanent seal Exhibit 21, which was filed by the Plaintiffs in support of their Motion for Preliminary Injunction, and Exhibit 29, which was filed by the Plaintiffs in support of their Motion to Compel. [Doc. 66]. Exhibit 21 is an email exchange involving employees of Pardee Hospital and an external consultant that contains information about the decision to select the name Pardee Blue MD. [Doc. 33-6]. Exhibit 29 is an email exchange between an external consultant and an employee of Pardee Hospital discussing Dr. LaMond's concerns regarding the name Pardee BlueMD. [Doc. 58-1]. The Defendants attach a redacted version of Exhibit 29 to their Renewed Motion. [Doc. 66-2]. The Plaintiffs consent to the Defendants' Renewed Motion.

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' Renewed Motion. The Defendants filed their motion on October 17, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, upon review, the Court finds that the Defendants have demonstrated that Exhibits 21 and 29 contain sensitive business information regarding the naming decision and the timing of the

announcement of that naming decision, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these documents, the Court concludes that permitting the wholesale sealing of Exhibits 21 and 29, along with the filing of a redacted version of Exhibit 29[2] on the public docket, is narrowly tailored to serve the interest of protecting this sensitive information.

**B. Plaintiffs' Renewed Motion to Seal [Doc. 68]**

By their Renewed Motion to Seal, the Plaintiffs seek leave to file under permanent seal Exhibit 16, which was filed in support of their Motion for Preliminary Injunction, and Exhibit 37, which was filed as an attachment to the Plaintiffs' Reply filed in support of their Motion for Preliminary Injunction. [Doc. 68]. Exhibit 16 is the deposition of LaMond Family Medicine employee Christina Jones and Exhibit 37 is the deposition of the 30(b)(6) representative for LaMond Family Medicine, Jake Hunter. [Docs. 33-1, 58-4]. The Plaintiffs have filed redacted versions of both depositions as exhibits

[2] It does not appear that Exhibit 21 can be effectively redacted.

to their Renewed Motion to Seal. [Docs. 68-2, 68-3]. The Defendants consent to the Plaintiffs' Renewed Motion.

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' Renewed Motion. The Plaintiffs filed their motion on October 28, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, upon review, the Court finds that the Plaintiffs have demonstrated that Exhibits 16 and 37 contain sensitive financial and business information, such as corporate marketing strategies, client information, and other proprietary information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these documents, the Court concludes that permitting the wholesale sealing of Exhibits 16 and 37, along with the filing of redacted versions of these exhibits on the public docket, is narrowly tailored to serve the interest of protecting this sensitive information.

As the parties have not renewed their requests to seal Plaintiffs' Exhibits 17, 18, 19, 23, and 30 [Docs. 33-1, 33-2, 33-3, 33-4, 33-7, 33-8, 58-

2] and Defendants' Exhibits A, C, and M [Docs. 45, 45-2, 45-5], the Court will instruct the Clerk to unseal these exhibits.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendants' Renewed Consent Motion to Seal [Doc. 66] is **GRANTED**, and Exhibit 21 [Doc. 33-6] and Exhibit 29 [Doc. 58-1] shall be sealed and will remain sealed until further Order of the Court. The Defendants shall file an appropriately redacted version of Exhibit 29 as a separate entry on the public docket.

(2) The Plaintiffs' Renewed Consent Motion to Seal [Doc. 68] is **GRANTED**, and Exhibit 16 [Doc. 33-1] and Exhibit 37 [Doc. 58-4] shall be sealed and will remain sealed until further Order of the Court. The Plaintiffs shall file appropriately redacted versions of Exhibits 16 and 37 as separate entries on the public docket.

(3) The Clerk of Court is respectfully instructed to **UNSEAL** Plaintiffs' Exhibits 17, 18, 19, 23, and 30 [Docs. 33-1, 33-2, 33-3, 33-4, 33-7, 33-8, 58-2] and Defendants' Exhibits A, C, and M [Docs. 45, 45-2, 45-5].

**IT IS SO ORDERED.**

Signed: November 5, 2024

Martin Reidinger
Chief United States District Judge