IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00097-MR

| | |
|---|---|
| BLUE SKY ENDEAVORS, LLC, ) <br> and LAMOND FAMILY MEDICINE, ) <br> P.L.L.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HENDERSON COUNTY HOSPITAL ) <br> CORPORATION and BLUE RIDGE ) <br> COMMUNITY HEALTH SERVICES, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Compel [Doc. 41].

I. **BACKGROUND**

On April 6, 2023, the Plaintiff Blue Sky Endeavors, LLC ("Blue Sky") initiated this action against the Defendants Henderson County Hospital Corporation ("Pardee Hospital") and Blue Ridge Community Health Services, Inc. ("Blue Ridge") (collectively, "the Defendants") by filing a complaint in the Superior Court of Henderson County, North Carolina, asserting *inter alia* claims for federal and common law trademark infringement of its Blue

SkyMD® mark by and through the Defendants' use of the mark "Pardee BlueMD." [Doc. 1-1: Complaint]. The Defendants removed the action to this Court on April 10, 2023 [Doc. 1] and filed an Answer and Counterclaim thereafter [Doc. 12].

On November 6, 2023, the Court entered a Pretrial Order and Case Management Plan, setting a discovery deadline of July 15, 2024, and setting this matter for trial during the January 13, 2025 trial term. [Doc. 18].

Blue Sky served both Defendants with identical discovery requests on November 1, 2023. [Docs. 41-3, 41-4]. With extensions consented to by the Plaintiffs, the Defendants timely responded to these requests by producing an initial set of documents on January 12, 2024. [Docs. 54-2, 54-3]. On January 29, 2024, Blue Sky sent the Defendants a deficiency letter regarding their responses and production of documents. The parties conferred on the issues raised in that letter multiple times in February 2024. Subsequently, the Defendants supplemented specific discovery responses, made supplemental productions of documents, and clarified that documents were not being withheld based on objections to others. [Doc. 54-4].

On February 28, 2024, with the consent of the Defendants, Blue Sky filed an Amended Complaint adding LaMond Family Medicine, P.L.L.C.

("LaMond Family Medicine") as a party plaintiff. [Doc. 26]. Blue Sky and LaMond hereafter will be referred to collectively as "the Plaintiffs."

After LaMond Family Medicine was added as a party plaintiff, it too served discovery requests on the Defendants. [Docs. 41-6, 46-1]. After receiving extensions of time, the Defendants responded to these requests on July 9, 2024. [Doc. 54-6]. Then, on July 15, 2024, Pardee Hospital supplemented its response to Blue Sky's first set of interrogatories indicating, for the first time, that it was planning to offer new services using the Pardee BlueMD primary care network. [Doc. 54-5].

On August 19, 2024, the Plaintiffs filed the present Motion to Compel, moving the Court to compel the Defendants to provide full and complete responses to the Plaintiffs' interrogatories and requests for production of documents. [Doc. 41].

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

3

> resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

### A. Withholding of "Known Documents"

The Plaintiffs first argue that the Defendants are deliberately withholding two broad categories of documents: (1) advertising materials and correspondence with advertising and digital marketers; and (2) governmental documentation and other documents as required in the contract between the Defendants. [Doc. 41-1 at 10-12]. The Court will address each of these categories in turn.

4

## 1. Advertising Materials and Correspondence with Third Party Marketers

The Plaintiffs argue that in response to Blue Sky's Interrogatory Nos. 3, 10, 11, 12, and 13; Blue Sky's Request for Production (RFP) Nos. 4 and 5; and LaMond's RFP Nos. 11, 12, and 14, the following documents should have been produced: "(1) All documents concerning correspondence with third party service[s] about web pages and search terms; (2) All invoices and receipts for such activities to third parties; and (3) All contracts and terms with the parties' advertising third party for SEO [search engine optimization]." [Doc. 41-1 at 11].

The Plaintiffs contend that the Defendants have deliberately withheld these documents. For grounds, the Plaintiffs state that Alexander MacMillan, the Digital Marketing Strategist for Pardee Hospital, stated in his deposition that "all keyword and SEO advertising strategies are done through an outside party." [Doc. 41-1 at 11]. In making this argument, however, the Plaintiffs do not offer a specific cite for this purported testimony. [See Doc. 41-1 at 11 n.18]. The Plaintiffs further argue that "[i]t appears that [Pardee Hospital] partners with a third party to change the search terms and key words." [Id. at 11].

In response to the Plaintiffs' discovery requests, Pardee Hospital has identified the persons involved in the creation and/or implementation of the advertising of the accused mark; it has explained that it does not use keyword campaigns or purchase online ads for Pardee BlueMD; and it has identified the geographic areas where the Defendants have used or intend to use the mark. [See, e.g., Doc. 54-3 at 3, 7, 8-9, 10; Doc. 54-4 at 2-3]. Additionally, the Defendants have produced a number of documents, including the entirety of Pardee Hospital's marketing file and other business records documenting their advertising activities. [See, e.g., Doc. 54-3 at 8-9]. Other than their speculation that Pardee Hospital has worked with some third party with respect to its marketing and advertising activities, the Plaintiffs do not offer any explanation why the Defendants' discovery responses are in any way deficient. The Court will not require further supplementation to discovery requests.

### 2. Requests for Production

Next, the Plaintiffs argue that the Defendants have withheld certain "governmental documentation and other documents as required in the Contract between the parties" in responding to Blue Sky's Interrogatories No. 5 and 9, Blue Sky's RFP No. 4, and LaMond Family Medicine's RFP No. 9. [Doc. 41-1- at 11-12].

6

Case 1:23-cv-00097-MR    Document 71    Filed 11/12/24    Page 6 of 13

As an initial matter, the Court notes that Blue Sky's Interrogatory No. 5 seeks a description of the good and services offered under the Pardee BlueMD brand, and that Blue Sky's Interrogatory No. 9 asks for sales information. [Doc. 41-3 at 6]. Neither of these interrogatories specifically asks for government documents or "other documents as required in the Contract between the parties." As such, the Plaintiffs' Motion to Compel is denied with respect to these interrogatories.

Regarding the remaining requests for production, the Plaintiffs contend that the Defendants have produced contracts "which have documentation removed from them" and that they are entitled to the production of all the related documentation. [Doc. 41-1 at 12]. The Plaintiffs argue that these documents are relevant to assessing how much the Defendants have profited from the Plaintiffs' good will and reputation and would show the issues that would result from the changing of the alleged infringing marks. [Id.].

It appears that the "contracts" to which the Plaintiffs are referring are versions of the subrecipient agreement between the Defendants, which allows Pardee Hospital to benefit from Blue Ridge's status as an FQHC. While the Defendants objected to the production of this agreement on relevancy grounds, they nevertheless produced to the Plaintiffs versions of

7

the agreement—along with all the documents associated with that agreement that were in their possession, custody, and control—in an effort to avoid a discovery dispute.

The Court finds that, to the extent that the subrecipient agreement is even relevant to this action, the Defendants have provided the Plaintiffs with documents responsive to their requests and that further supplementation of these responses are not warranted.

## B. Improper Objections

Next, the Plaintiffs argue that the Defendants' objections that the Plaintiffs' requests were "overly broad, unduly burdensome, vague, and confusing" are themselves overly broad and fail to explain why any of the requests are objectionable. [Doc. 41-1 at 12-14]. As such, the Plaintiffs argue, the Defendants' objections should be invalidated and full responses to the requests should be compelled. [Id.].

Having reviewed the discovery responses, the Court finds that the Defendants have specifically explained how and why each objection was applicable to the request at issue. Moreover, the Defendants represent that they have not withheld any documents based on these objections. As such, the Court finds the Plaintiffs' argument in this regard to be without merit.

8

## C. Work Product Objections

Next, the Plaintiffs object to the Defendants' assertion of the work product doctrine in response to RFP Nos. 5 and 6. [Doc. 41-1 at 14-15].

RFP No. 5 seeks "All Documents and Communications referring or relating to the consideration, selection, and adoption of [Pardee BlueMD]." [Doc. 41-5 at 7]. Here, the Defendants' counsel has discussed the consideration, selection and adoption of Pardee BlueMD with its clients and has created documents based on these discussions and therefore objected to the production of these documents on the grounds of the work product doctrine.[1] In addition, Pardee Hospital produced a number of documents responsive to the Plaintiffs' request that were not deemed to be work product. [Doc. 54-7 at 3-4]. The Plaintiffs have failed to demonstrate how the assertion of the work product doctrine was improper. The motion to compel is therefore denied with respect to this request.

RFP No. 6 seeks "All Documents and Communications from all Persons with knowledge of [BLUE SKY MD]." [Doc. 41-5 at 8]. As defense counsel has "knowledge of" BLUE SKY MD and has communicated with the

---

[1] In making this objection, the Defendants did not produce a privilege log; however, the parties previously had agreed that privilege logs for work product or attorney-client privileged documents created after the lawsuit was filed would not be required. [See Doc. 54 at 21].

9

Defendants regarding this issue, defense counsel properly objected to the extent this request seeks documents or communications protected by the attorney-client privilege or work-product doctrine.  In any event, this request is overly broad.  The Plaintiffs' request to compel further supplementation of the Defendants' response to this request is denied.

D. **Speculation Objection**

The Plaintiffs argue that the Defendants' objection that Interrogatory 5 calls for speculation was improper.  [Doc. 41-1 at 16].

Interrogatory No. 5 asks the Defendants to "[i]Identify and fully describe each of the goods and/or services on or in connection with which Defendant [Pardee Hospital] currently uses, intends to use, or has used the Accused Mark."  [Doc. 41-3 at 6].  This interrogatory contains no temporal limitation. The Defendants' speculation objection was proper because the interrogatory is asking about an indefinite period and requires Pardee Hospital to speculate about things of which it does not currently have personal knowledge. Subject to their proper objections, the Defendants identified the services provided under Pardee BlueMD currently and as actually planned in the future.  [Doc. 54-3 at 4].  No further supplementation is required.

### E. Withholding of Confidential Information

Next, the Plaintiffs argue that the Defendants' objections to the production of "confidential information" in response to Interrogatories 7-13 should be deemed improper and that the Defendants should be compelled to answer. [Doc. 41-1 at 16-17].

While the Defendants objected that certain interrogatories sought confidential information, the Defendants nevertheless produced responsive documents subject to the Protective Order previously entered in this case. [See Doc. 54-3 at 6]. The Defendants represent that they have not withheld information based on this objection. The Plaintiffs have presented no evidence to the contrary. Thus, the Plaintiffs' Motion to Compel is without merit.

### F. Misuse of Rule 33(d)

Finally, the Plaintiffs contend that the Defendants should be required to answer Interrogatory Nos. 5, 7, 9, 11, 12, 13, and 14 fully in writing in lieu of producing business records because "the documents provided are lacking and do not provide an adequate answer that can be derived or ascertained nor is it easily discernable for Plaintiffs to determine the answer readily." [Doc. 41-1 at 17].

Under Rule 33(d), a party can identify documents that are responsive to an interrogatory if "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records..., and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d).

Here, the Defendants represent that Pardee Hospital has provided the Plaintiffs with documents containing all the financial records for its Pardee BlueMD primary care physician network. Pardee Hospital also has produced charts that summarize the data contained in the financial records, including categories of information such as Gross Revenue, Net Patient Services Revenue, Net Operating Revenue, Operating Expenses, and Operating Margin. While the Plaintiffs complain that these documents are "lacking," they do not explain or argue why they cannot identify or derive the relevant information within the referenced documents that have been produced as responsive to the request. Should the Plaintiffs require further explanation of these documents, they have been free to depose Pardee Hospital's corporate representative about such matters. The Plaintiffs, however, have failed to articulate why the produced records are not sufficient.

## IV. CONCLUSION

In sum, the Plaintiffs' Motion to Compel is denied. As all pretrial deadlines have been stayed pending the resolution of this motion, the Court will lift that stay and reset the relevant deadlines accordingly.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Compel [Doc. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that the deadlines set forth in the Pretrial Order and Case Management Plan [Doc. 18, as amended by Docs. 25 and 34] previously entered in this matter are hereby extended as follows:

    Discovery: January 3, 2025

    Mediation: January 17, 2025

    Motions Deadline: January 31, 2025

    Trial Date: 1st Mixed Term on or after May 12, 2025

**IT IS SO ORDERED.**

Signed: November 11, 2024

_Martin Reidinger_
Martin Reidinger
Chief United States District Judge